UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDAL QURAN REID | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO: |
| | ) 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

COMES NOW, Defendants, Sheriff Parish Sheriff Joseph P. Lopinto, III, individually and in his official capacity as the Sheriff of Jefferson Parish, Louisiana, and Jefferson Parish Sheriff's Office Deputy Andrew Bartholomew, in his individual capacity as a Deputy with the Jefferson Parish, Louisiana, Sheriff's Office, and have moved to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(B)(2). The Defendants respectfully submit that this Court lacks personal jurisdiction over the Defendants.

**LAW AND ARGUMENT**

**I.    BACKGROUND**

This case arises out of Plaintiff's arrest in Georgia based on an arrest warrant obtained in Louisiana by the Defendant, Jefferson Parish, Louisiana, Sheriff's Office Deputy Andrew Bartolomew ("Deputy Bartholomew"). R. Doc. 2907.

1

Plaintiff was not extradited to Louisiana to face charges and the relevant warrant was withdrawn. R. Doc. 2907. No prosecution was ever undertaken. *Id*.

Plaintiff has allegedly never been to Louisiana. *Id*.

The warrant for Plaintiff's arrest was obtained in Jefferson Parish Louisiana for alleged crimes that were alleged to have occurred in Jefferson Parish, Louisiana. *Id*. There is no nexus to Georgia. *Id*.

Plaintiff sues for false arrest and malicious prosecution in violation of the Fourth Amendment to the United States Constitution. *Id*. Plaintiff also sues for various violations of Louisiana and Georgia state law. *Id*.

Plaintiff's suit arises out Deputy Bartholomew's obtaining of the warrant. *Id*. Although Plaintiff also sues Sheriff Lopinto, the only claims against him also arise out of the warrant. A *Monell* claim is "derivative" of a claim against the officer and requires an "underlying civil rights claim against an officer." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). As is a claim under a *respondeat superior* theory of liability under state law.

Therefore, Defendants do not address separately the Court's personal jurisdiction over the Sheriff. As set forth below for all the reasons that there exists no personal jurisdiction over Deputy Bartholomew, the same is more true for Sheriff Lopinto.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS AND THE CASE SHOULD BE DISMISSED.

### A. PERSONAL JURISDICTION GENERALLY

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)(internal citation omitted).

The party invoking the jurisdiction of this Court bears the burden of establishing a *prima facie* case of personal jurisdiction over each defendant. *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 625 (5th Cir. 1999); *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985).

Determining personal jurisdiction requires a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, we consider whether jurisdiction exists under the state long-arm statute. *Id*. Second, we determine whether "sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id*. (quoting *International Shoe Co. v. Washington Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)) (secondary internal quotation omitted).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits

and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  This Court must examine "whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mut. Serv. Ins. Co. v. Frit Indus.*, Inc., 358 F.3d 1312, 1319 (11th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

"The 'minimum contacts' prong of the inquiry may be further subdivided into contacts that give rise to 'specific' personal jurisdiction and those that give rise to 'general' personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the

"continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853-54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001); *Helicopteros*, 466 U.S. at 414 n. 8. Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Specific jurisdiction is the only type at issue here, and it "derive[s] from and reflect[s] two sets of values—treating defendants fairly and protecting 'interstate federalism.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,* ⸺ U.S. ⸺, 141 S. Ct. 1017 1025, 209 L.Ed.2d 225 (2021) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 293, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).

To adhere to these values, our constitutional analysis proceeds in three steps: (1) we first consider "whether [a] plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum" state; (2) then we evaluate "whether the ... defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state"; and (3) finally, we assess "whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations omitted).

The first inquiry—whether the claims "arise out of or relate to" one of the defendant's contacts—does not require direct causation. *Ford Motor*, 141 S. Ct. at 1026 (emphasis omitted) (citation omitted). Rather, it "contemplates that some relationships will support jurisdiction without a causal showing." *Id*. So we focus on the "'essential foundation' of specific jurisdiction"—whether there is "a strong 'relationship among the defendant, the forum, and the litigation.'" *Id*. at 1028 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hal*l, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)); *Del Valle*, 56 F.4th at 1275–76. The principal way to establish this relationship is through an "activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford*

*Motor*, 141 S. Ct. at 1025 (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, ⎯⎯ U.S. ⎯⎯, 137 S. Ct. 1773 1780, 198 L.Ed.2d 395 (2017)).

"'The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant.' *Meier ex rel. Meier v. Sun Int'l Hotels*, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988))."

### B.     ANALYSIS

Before exercising specific jurisdiction over a nonresident defendant, federal courts must undertake a two-step inquiry: "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Diamond Crystal Brands*, *Inc. v. Food Movers Int'l*, *Inc.*, 593 F.3d 1249, 1257-58 (11th Cir. 2010) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)).

In this case, the exercise of personal jurisdiction against the Defendants would not be appropriate under either the Georgia long-arm statute or the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Therefore, this Motion should be granted, and the Plaintiff's case dismissed.

### 1. The Georgia Long Arm Statute

The Georgia long-arm statute "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond Crystal*, 593 F.3d at 1259 (interpreting *Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672 (2005)).

To satisfy the Georgia long-arm statute, the plaintiff must show that personal jurisdiction is permitted under one of the express statutory bases, interpreted and applied literally. *Diamond Crystal*, 593 F.3d at 1259. Georgia's long-arm statute enumerates six separate bases for personal jurisdiction. O.C.G.A. § 9-10-91(1)-(6). Defendants submit that only subsections (1) and (3) of the statute could arguably apply, which provide:

> A court of this state may exercise personal jurisdiction over any nonresident or his or her executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use, or possession enumerated in this Code section, in the same manner as if he or she were a resident of this state, if in person or through an agent, he or she:
>
> (1) Transacts any business within this state;
>
> (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state…

O.C.G.A. § 9-10-91(1), (3). Since the Court's application of the Georgia long-arm statute is governed by state law, the Court "must interpret and apply Georgia's long arm statute in the same way as would the Georgia Supreme Court." *Diamond Crystal*, 593 F.3d at 1258.

### a. Transacting Business in the State

Subsection (1) "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." *Diamond Crystal*, 593 F.3d at 1259 (interpreting *Innovative Clinical*, 279 Ga. 672). In order to satisfy this subsection, the plaintiff's cause of action must "'arise[ ] out of' a nonresident defendant's 'transact[ion] of any business within [Georgia].'" *Diamond Crystal*, 593 F.3d at 1264 (quoting O.C.G.A. § 9-10-91(1)).

"Interpreted literally, 'transacts any business' requires that the 'nonresident defendant has purposefully done some act or consummated some transaction in [Georgia].'" *Diamond Crystal*, 593 F.3d at 1264 (quoting *Aero Toy Store*, *LLC v. Grieves*, 279 Ga. App. 515, 518 (2006)). Accordingly, the Court must "examine all of a nonresident's tangible and intangible conduct and ask whether it can fairly be said that the nonresident has transacted any business within Georgia." *Diamond Crystal*, 593 F.3d at 1264.

Here, Plaintiff alleges that Deputy Bartholomew obtained a warrant for Plaintiff's arrest in Louisiana, and Plaintiff was subsequently arrested pursuant to the warrant in Georgia by law enforcement authorities in Georgia. R. Doc. 2907. There are simply no other contacts with Georgia by any Defendant. *Id*. Plaintiff was never extradited to Louisiana to face the charges. *Id*. The warrant was withdrawn, and no prosecution was ever initiated. *Id*. To date, Plaintiff has allegedly never been to Louisiana. *Id*. The warrant was authored and obtained in Louisiana. *Id*. There is no allegation that any Defendant ever entered Georgia or conducted any transaction in Georgia. *Id*. The warrant was executable in any state.

Thus, Plaintiff has failed to satisfy subsection (1) of the long-arm statute.

### b.     Committing a Tortious Injury in the State

To satisfy subsection (3) of the Georgia long-arm statute, Plaintiff must show that (1) Defendants "commit[ted] a tortious injury in this state" and (2) Defendants "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from . . . this state." O.C.G.A. § 9-10-91(3).

Here, Plaintiff's only claim against the Defendants, again, is that Deputy Bartholomew obtained a warrant in Louisiana that caused Plaintiff's arrest in Georgia by Georgia authorities executing the warrant.

Even assuming without conceding that Plaintiff's allegations are sufficient to satisfy the first element of subsection (3), Plaintiff's Complaint is devoid of any facts to satisfy the second element. There are no allegations that the Defendant(s) "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from . . . this state." *Id*.

Therefore, this Motion should be granted, dismissing Plaintiff's suit.

### 2. Due Process

Again, Plaintiff has failed to satisfy the long-arm statute and the Court can end its analysis here and grant the Defendants' Motion.

Notwithstanding this, the Court's exercise of personal jurisdiction over the Defendants would not comport with the Due Process Clause of the Fourteenth Amendment.

> In specific jurisdiction cases, [the Eleventh Circuit] appl[ies] the three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (internal citations omitted). If the plaintiff establishes the first two prongs, the defendant "must make a 'compelling case' that the exercise of jurisdiction would

11

violate traditional notions of fair play and substantial justice." *Id*. (quoting *Diamond Crystal*, 593 F.3d at 1267).

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014) (quoting *Keeton*, 465 U.S. at 775).

In intentional tort cases, the Eleventh Circuit allows for two different tests for determining whether a defendant purposefully availed himself or itself of the forum state: (1) the "effects test" established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783, 788 (1984, or (2) the traditional purposeful availment analysis. *Louis Vuitton*, 736 F.3d at 1356. Under the *Calder* effects test, "a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state." *Id*. "This occurs when the tort: '(1) [was] intentional; (2) [was] aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state.'" *Id*. (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1285-86, 1287-88 (11th Cir. 2008)).

Again, Plaintiff's only claim against the Defendants is that Deputy Bartholomew obtained a warrant in Louisiana that caused Plaintiff's arrest in Georgia by Georgia authorities executing the warrant.

Other courts faced with similar factual allegations across the country have concluded that this kind of limited conduct with a forum is insufficient to provide the minimum contacts necessary to comport with due process. *See Brown v. Bob Tyler Suzuki, Inc.*, No. 1:11CV116HSO-JMR, 2012 WL 293486, at *4 (S.D. Miss. Jan. 31, 2012)(finding no personal jurisdiction over defendants who obtained an arrest warrant in Florida, which led to the arrest of plaintiff in Mississippi, because their contacts with the forum "arose from the fortuitous circumstance that Plaintiff transported the motor vehicle to Mississippi, something over which neither of these Defendants had any control"); *Williams v. Ponder*, No. 08-CV-4086, 2009 WL 3152129, at *3 (E.D. Pa. Sept. 30, 2009)("The mere issuance of an arrest warrant that foreseeably caused Williams to be arrested in Pennsylvania, however, does not provide sufficient contacts with Pennsylvania for this court to exercise jurisdiction. An officer cannot reasonably expect to be hauled into court in Pennsylvania because he sought a warrant in Georgia based on a violation of Georgia law."); *Bush v. Adams*, No. 074936, 2008 WL 4791647 (E.D. Pa. Nov. 3, 2008) (finding court lacked personal jurisdiction over police officers in Virginia even though officers issued warrant for plaintiff's arrest in Virginia and also made phone calls to Virginia to ensure local authorities acted on the warrants); *Olagues v. Stafford*, 316 F.Supp.2d 393, 400 (E.D. La. 2004), modified on reconsideration, No. CIV.A. 03-3428, 2004

WL 1444947 (E.D. La. June 25, 2004) (finding court lacked personal jurisdiction over California law enforcement authorities who collaborated with Louisiana officials to arrest plaintiff in Louisiana, as all actions taken in or pertaining to Louisiana, in an attempt to arrest plaintiff, "rest[ed] on nothing more than the 'mere fortuity' that plaintiff happened to be a resident of Louisiana and happened to choose that destination for [his kidnapped] children"); *Richardson v. Gore,* No. SA-23-CV-00024-XR (W.D. Texas March 28, 2023).

On similar facts, the district court in *Bush* reasoned and held that: "Merely obtaining an arrest warrant for someone who is known to be in another state is not sufficient to subject the officer obtaining the warrant to personal jurisdiction in that state. Although it is foreseeable that the warrant will be executed in the suspect's state of residence, 'foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause.'" *Bush v. Adams*, No. 07-4936, 2008 WL 4791647, at * 12 (E.D. Pa. Nov. 3, 2008) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

In this case, as in all the foregoing, Detective Bartholomew's mere obtaining of an arrest warrant for Plaintiff in Louisiana is not sufficient to subject Detective Bartholomew to personal jurisdiction in Georgia, even though it may have been foreseeable that the warrant would be executed in Georgia. *Id*.

Accordingly, Defendants respectfully submit that this Court lacks personal jurisdiction over the Defendants.

Therefore, this Motion should be granted, and Plaintiff's case dismissed.

### III. CONCLUSION

For the foregoing reasons, this Court lacks personal jurisdiction over the Defendants. Therefore, this Motion should be granted, and Plaintiff's case dismissed.

This 17th day of October, 2023.

LAVENDER HOFFMAN, LLC

*/s/ Thomas E. Lavender III*_____
Thomas E. Lavender III
Georgia Bar No.: 439389
945 East Paces Ferry Road, NE.
Suite 2000
Atlanta, Georgia 30326
Phone/Fax 404.400.4500
Direct Phone/Fax 404.600.1374
ted.lavender@lhalawyers.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDAL QURAN REID ) | |
| ) | |
| v.  ) | CIVIL ACTION FILE NO: |
| ) | 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al ) | |

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1(C) of the Northern District of Georgia, using 14-point Times New Romans font, as approved by the Court.

This 17th day of October, 2023.

LAVENDER HOFFMAN, LLC

/s/ *Thomas E. Lavender III*
Thomas E. Lavender III
Georgia Bar No.: 439389
945 East Paces Ferry Road, NE.
Suite 2000
Atlanta, Georgia 30326
Phone/Fax 404.400.4500
Direct Phone/Fax 404.600.1374
ted.lavender@lhalawyers.com

16

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDAL QURAN REID ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO: |
| ) | 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al ) | |

## CERTIFICATE OF SERVICE

This will certify that the undersigned has this day served a true and correct copy of the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION upon all counsel of record via the Court's CM/ECF electronic filing system as follows:

> Gary Bernard Andrews
> Sameul L. Starks
> Shean DeCarlos Williams
> THE COCHRAN FIRM
> 100 Peachtree Street SW
> Atlanta, GA 30303
> gandrews@cochranfirmatl.com
> sstarks@cochranfirmatl.com
> swilliams@cochranfirmatl.com

[SIGNATURE ON FOLLOWING PAGE]

This 17th day of October, 2023.

        LAVENDER HOFFMAN, LLC

        */s/ Thomas E. Lavender III*_____
        Thomas E. Lavender III
        Georgia Bar No.: 439389
        945 East Paces Ferry Road, NE.
        Suite 2000
        Atlanta, Georgia 30326
        Phone/Fax 404.400.4500
        Direct Phone/Fax 404.600.1374
        ted.lavender@lhalawyers.com