IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RANDAL QURAN REID,** | ) |
| | ) |
| Plaintiff, | ) **CIVIL ACTION FILE NO:** |
| | ) |
| v. | ) **1:23-CV-04035-JPB** |
| | ) |
| **ANDREW BARTHOLOMEW**, in his | ) |
| Individual Capacity as a Deputy of the | ) |
| Jefferson Parish Sheriff's Office, and | ) |
| **JOSEPH P. LOPINTO III**, in his | ) |
| Individual and Official Capacity | ) |
| as Sheriff of the Jefferson Parish | ) |
| Sheriff's Office, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**NOW COMES** Plaintiff, RANDAL QURAN REID, and hereby moves this Court for a judgment by default in accordance with Fed. R. Civ. P. 55(b)(2) as to Defendants ANDREW BARTHOLOMEW and JOSEPH P. LOPINTO, (hereinafter "Defendants"), upon the *Complaint for Damages* filed and served upon the Defendants, and in support thereof shows the Court as follows:

### I.   INTRODUCTION

This is a civil rights action pursuant to 42 U.S.C. § 1983 for damages arising from the unconstitutional arrest and imprisonment of Plaintiff, RANDAL QURAN RIED, ("MR. REID"), who was arrested and jailed for over one week in Dekalb

County, Georgia. The wrongful arrest and imprisonment of MR. REID resulted from Defendants misuse, and concealment from a neutral magistrate, of their reliance on facial recognition technology to identify and charge MR. REID with bank fraud and identity theft for stealing purses from a consignment store in Metairie, Louisiana.

Plaintiff's *Complaint for Damages* sufficiently and particularly alleges how the actions and omissions of Defendants resulted in the issuance of a warrant for MR. REID'S arrest and full extradition to Louisiana. [Doc. # 1]. Specifically, Plaintiff's *Complaint for Damages* alleged the following, with supporting documentation:

> Officer Chang's criminal arrest warrant affidavit for MR. REID was based on notice and documentation received by the DeKalb County Police Department from the Jefferson Parish Sheriff's Office stating, in part, as follows:
>
> PLEASE PLACE A HOLD ON THE ABOVE SUBJECT FOR THIS DEPARTMENTL, WE WILL EXTRADITE ON THIS MATTER. ADVISE WHEN THE SUBJECT SIGNS A WAIVER OF EXTRADITION OR IF HE REFUSES, WE WILL PROCEED TO A GOVERNOR'S WARRANT.
>
> See Document from Jefferson Parish Sheriff's Office, Extradition/Fugitive Section.
>
> According to notice and documentation provided by JPSO to the DeKalb County Police Department, MR. REID was wanted in Case Number F-21850-22 for the following felony crimes: ten (10) counts of bank fraud, ten (10) counts of identity theft, and one (1) count of theft of more than $5,000 but less than 25,000. (Id.).
>
> On November 29, 2022, MR. REID appeared before the Magistrate Court of DeKalb County and agreed to a waiver of

2

extradition to answer the charges against him from Jefferson Parish, even though he never visited either Jefferson Parish or the State of Louisiana. See *Waiver of Extradition*.

On November 30, 2022, the Dekalb County Sheriff's Office notified the Jefferson Parish Sheriff's Office that MR. REID had waived extradition and was ready to be transported to Louisiana. See Dekalb County Sheriff's Office document to JPSO.

[Doc. #1, Pages 16-17, §§ 40-23]. (references to attachments omitted)

Mr. REID is a resident of Georgia and has never been to Louisiana. He was arrested in Dekalb County, Georgia, based on the unconstitutional actions of the Jefferson Parish Sheriff's Office, including Defendants, who wrongfully secured a warrant for MR. REID'S arrest and extradition to Jefferson Parish, Louisiana. The warrant for MR. REID'S arrest and extradition was obtained based on facial recognition technology which Defendants relied upon in support of an arrest warrant affidavit submitted to a magistrate, which contained false and misleading information and failed to reveal the use of facial recognition technology.

## II. PROCEDURAL HISTORY

On **September 8, 2023**, MR. REID filed in the United States District Court for the Northern District of Georgia his *Complaint for Damages* alleging that he was falsely arrested and imprisoned in the Dekalb County, Georgia Jail, because of a Louisiana warrant and extradition order obtained with Defendants' false statements, misrepresentations, and concealments. [Doc. #1].

3

### A. Service of Summons and Complaint on Defendant Lopinto

On **September 14, 2023**, a copy of the *Complaint for Damages* and summons were served by Darren J. Harper, a private process server, upon the Jefferson Parish Sheriff's Office judicial supervisor, who is designated by law to accept service of process on behalf of Defendant LOPINTO, at his primary place of business located at 1233 Westbank Expressway, Harvey, Louisiana 70058. [Doc. # 5]. Pursuant to Fed. R. Civ. P. 12(a)(1), Defendant LOPINTO'S answer was due "within 21 days after being served with the summons and complaint," making his answer due no later than **October 5, 2023**.

### B. Service of Summons and Complaint on Defendant Bartholomew

On **September 20, 2023**, a copy of the *Complaint for Damages* and summons were served by Darren J. Harper, a private process server, upon Defendant BARTHOLOMEW, at his residence located at 3205 Decomine Drive, Chalmette, Louisiana 70043. [Doc. # 7]. Pursuant to Fed. R. Civ. P. 12(a)(1), Defendant BARTHOLOMEW'S answer was due "within 21 days after being served with the summons and complaint," making his answer due no later than **October 11, 2023**.

### C. Defendants' Motion to Dismiss is Untimely.

On October 7, 2023, Defendants filed a *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction*. [Doc. # 8]. While a defendant making a motion to dismiss must do so before filing an answer or other responsive

4

pleading, the motion is due when the defendant's answer would have been due. See *Monfort v. CKCG Health Care Servs.*, No. 1:19-cv-00354-MLB-RGV, 2020 U.S. Dist. LEXIS 254554, *15-16 (N.D. Ga. 2020). Furthermore, Defendants did not request or obtain prior permission of the Court to file its motion to dismiss after the applicable deadline.

### III. ARGUMENT

#### A. Legal Standard for Default Judgment.

Courts may enter a judgment of default against any party that has failed to plead or otherwise defend an action to which they are a party within the time required by Federal Rule of Civil Procedure 12(a)(1)(A). See *Fed. R. Civ. P. 55(a)*; *IOU Cent., Inc. v. Krychev*, 2020 U.S. Dist. LEXIS 250906 (N.D. Ga. 2020). Default judgment is warranted where there is sufficient basis for the judgment. See *Surtain v. Terrace Hamlin Found.*, 789 F. 3d 1239, 1244 (11th Cir. 2015).

#### B. Defendants have failed to timely plead or defend this action.

Fed. R. Civ. P. 12(a)(1)(A) requires that a defendant must reply to a pleading within 21 days of being served with a complaint and a summons to appear. See *Dodge Chrysler Jeep of Winter Haven, Inc. v. Beamon*, 2022 U.S. Dist. LEXIS 236902 (M.D. Fl. 2022). Specifically, Fed. R. Civ. P. 12(b) motions must be made before pleading if a responsive pleading is allowed. See *Monfort v. CKCG Health Care Servs.*, No. 1:19-cv-00354-MLB-RGV, 2020 U.S. Dist. LEXIS 254554, *15-16

(N.D. Ga. 2020) (entering a default judgment for the plaintiffs as the defendants' motion filed a week after the deadline to serve a reply or a responsive motion was ruled untimely).

Entry of a default judgment is warranted for untimely responses and pleadings. See *Sublett v. Landshark Group*, 2021 U.S. Dist. LEXIS 211226 (N.D. Fl. 2021); see also *Owner's Ins. Co. v. James*, 295 F. Supp. 2d 1354 (N.D. Ga. 2003). As of the filing of this motion, Defendants have not appeared in this action by answering Plaintiff's complaint, or otherwise filing a timely motion pursuant to Fed. R. Civ. P. 12(b), nor have they requested leave or permission from this Court to file late file a responsive pleading or 12(b)(6) motion. Therefore, by failing to file a responsive pleading, or a timely answer to the summons and complaint, Defendants have waived any defense based on lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2).

### C. **Plaintiff has pled a sufficient basis for a judgment of default.**

Default judgment is available where "the well-pleaded allegations in the complaint, which are taken as true due to default, actually state a substantive cause of action and there is a substantive, sufficient basis in the pleadings for the particular relief sought." See *Tyco Fire and Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007). Plaintiff has shown through his *Complaint for Damages* that he was falsely arrested and imprisoned in violation of the Fourth Amendment, because of a

Louisiana warrant and extradition order obtained based on false and misleading information submitted to a magistrate. [Doc. #1]. Plaintiff has also sufficiently shown that this Court has subject matter and personal matter jurisdiction over Defendants. See *Plaintiff's Response to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction*.

Pursuant to the provisions of Fed. R. Civ. P. 55(b)(2), this Court is empowered to enter a default judgment against the Defendants for relief sought in Plaintiff's *Complaint for Damages*. Rule 55 states that "[i]f a party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing" and also contemplates that the Court "may conduct hearings" or take other action to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B), see also *Sublett,* 2021 U.S. Dist. LEXIS 211226, *15 (N.D. Fl. 2021).

**WHEREFORE**, Plaintiff prays that this Court direct the clerk to enter a default judgment against Defendants on liability, and that the Court schedule a trial or hearing, pursuant to Fed. R. Civ. P. 55(b)(2)(B), to determine an amount of damages to be awarded to Plaintiff.

Respectfully submitted this 31st day of October, 2023.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14 point font.

This 31st day of October, 2023.

                                         The Cochran Firm – Atlanta

                                         /s/ Sam L. Starks
                                         Shean D. Williams, Esq.
                                         Georgia Bar No. 764139
                                         Gary B. Andrews, Esq.
                                         Georgia Bar No. 019299
                                         Sam L. Starks, Esq.
                                         Georgia Bar No. 676515
                                         100 Peachtree Street, NW, Suite 2600
                                         Atlanta, Georgia 30303
                                         Tel: (404) 222-9922
                                         Fax: (404) 222-0170

## **CERTIFICATE OF SERVICE**

This is to certify that on October 31, 2023, I electronically filed **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Thomas E. Lavender III
Lavender Hoffman, LLC
945 East Paces Ferry Road, NE
Suite 2000
Atlanta, Georgia 30326
ted.lavender@lhalawyers.com

This 31st day of October, 2023.

                                                          The Cochran Firm – Atlanta

                                                          /s/ Sam L. Starks
                                                          Sam L. Starks, Esq.
                                                          100 Peachtree Street, NW, Suite 2600
                                                          Atlanta, Georgia 30303
                                                          Tel: (404) 222-9922
                                                          Fax: (404) 222-0170