UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDAL QURAN REID | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO: |
| | ) 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al | ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (R. Doc. 10)**

COMES NOW, Defendants, Sheriff Parish Sheriff Joseph P. Lopinto, III, individually and in his official capacity as the Sheriff of Jefferson Parish, Louisiana, and Jefferson Parish Sheriff's Office Deputy Andrew Bartholomew, in his individual capacity as a Deputy with the Jefferson Parish, Louisiana, Sheriff's Office, oppose Plaintiff's Motion for Default Judgment.

First, Defendants submit that the Plaintiff's Motion should be denied as premature because Plaintiff did not seek or obtain an *entry* of default prior to seeking a *judgment* of default.

Second, good cause exists to deny Plaintiff's motion, and would also exist to set aside an entry of default if entered because the Court has yet to find that it has personal jurisdiction over the Defendants, the Defendants did not act willfully and Plaintiff has failed to show that he has been prejudiced.

Third, because there is a pending Motion to dismiss for lack of personal jurisdiction, cause exists to deny Plaintiff's motion. Further, although the Motion to

1

Dismiss was filed shortly after it was due (six days), Plaintiff has not and will not experience any prejudice and Plaintiff is not entitled to the extreme relief requested. The mere fact that Defendants' Motion to Dismiss was filed a short time after it was due does not create the kind of "extreme situation" that warrants the "drastic remedy" of default.

## I.   PROCEDURAL HISTORY

Defendants do not dispute the dates set forth in Plaintiff's Motion for filing of the Complaint, service of the summons or time for filing responsive pleadings.

Defendants filed their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) for lack of personal jurisdiction six (6) days after Deputy Bartolomew's answer was due. R. Docs. 7, 8.

What Plaintiff does not inform the Court, is that counsel for the Defendants in Louisiana were in constant contact with counsel for Plaintiff's within a day or days of becoming aware of Plaintiff's suit and the parties were discussing settlement of Plaintiff's claims in good faith.

Indeed, the reason that the Defendants were delayed in filing responsive pleadings, and thereby incurring costs and expenses, as well as having to find local counsel, is that Defendants were attempting to resolve the dispute before incurring any such costs.

Further, Defendants informed Plaintiff of their intention to object to personal jurisdiction if they could not resolve the matter amicably, and even emailed Plaintiff's counsel a letter containing the legal authority for their position that this Court lacks jurisdiction on October 5, 2023. There was no surprise.

There is no question that Plaintiff was astutely aware that the Defendants intended to defend the claim.

Plaintiff never gave any indication whatsoever, let alone notice, that he would be seeking a default judgment.

## II.  LAW AND ARGUMENT

### A.  LEGAL STANDARD UNDER RULE 55.

"Under Rule 55 of the Federal Rules of Civil Procedure, there is a two-step procedure for obtaining a default judgment." *Bonny v. Benchmark Brands, Inc.*, No. 1:16-cv-3150, 2017 WL 1216926, at *1 (N.D.Ga. Mar. 10, 2017) (internal quotations omitted). First, "the party seeking a **default judgment** must file a motion for **entry of default** with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint." *Am. Auto. Ass'n, Inc. v. AAA Auto Sales*, LLC, No. 1:16-CV-01159, 2016 WL 10957245, at *1 (N.D.Ga. Oct. 20, 2016)(emphasis added). The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint seeking affirmative relief. Fed.R.Civ.P. 55(a). Second, ***after***

***securing the Clerk's entry of default***, the movant must apply for the Court to enter a default judgment. Fed.R.Civ.P. 55(b).

The Clerk's entry of default is the official recognition that a defending party in its duty to plead or otherwise defend. *See City of New York v. Mickalis Pawn Shop, L.L.C.*, 645 F.3d 114, 128 (2d Cir. 2011). The entry of default is a prerequisite for the entry of judgment upon that default; it is mandatory, not discretionary. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014).

**B.     PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT SHOULD BE DENIED AS PREMATURE.**

Indeed, Plaintiff's Motion for Default Judgment should be denied as premature because ***entry of default by the Clerk*** is a prerequisite to seeking a ***default judgment***. Fed. R. Civ. P. 55(a); *Perez*, 774 F.3d. at 1337; *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (where plaintiff failed to obtain entry of default, motion for default judgment was premature).

Here, Plaintiff did not seek an entry of default before filing his Motion for Default Judgment. Plaintiff skipped the first step. Plaintiff's motion is therefore premature.

Therefore, Plaintiff's Motion should be DENIED.

**C.     THE COURT SHOULD DENY PLAINTIFF'S MOTION FOR GOOD CAUSE.**

Again, Plaintiff has not requested or obtained an entry of default; therefore, the good cause standard applies.

The good cause standard for setting aside an entry of default is less rigorous than the excusable neglect standard used in setting aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). The same good cause standard used in setting aside an entry of default under Rule 55(c) is also used to deny a motion for entry of default and grant a request to file an untimely answer. Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014).

The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, although some general guidelines are commonly applied. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (finding the good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation). Several factors are often considered when determining whether good cause exists, such as (1) whether the default was culpable or willful; (2) whether the party in default has a meritorious defense to the plaintiff's claims; (3) whether the party in default acted promptly upon learning of the default; and (4) whether the non-defaulting parties would suffer any possible prejudice by setting aside default. *Id*. However, other factors may also be considered. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default." *Id*.

Here, good cause exists to deny Plaintiff's motion (and would exist to set aside an entry of default) because the Court has yet to confer personal jurisdiction over the Defendants. Generally speaking, "[b]efore a default can be entered, the court must have… jurisdiction over the party against whom the judgment is sought..." 10A Wright & Miller, Federal Practice & Procedure § 2682 (4th ed. 2020). The Eleventh Circuit has found that where "the district court did not acquire personal jurisdiction over [the Defendant] before the entry of default… that good cause existed to set that default aside." *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014).

Defendants have excepted to the personal jurisdiction of the Court. The matter is before the Court, and Plaintiff has responded. The Court has yet to rule. Therefore, good cause exists to deny Plaintiff's Motion and would exist to set aside an entry of default.

Furthermore, good cause exists because the Defendants were by no means willfully ignoring the Plaintiff's Complaint. Indeed, as set forth further below, counsel for the Defendants in Louisiana were in constant contact with counsel for Plaintiff's within a day or days of becoming aware of Plaintiff's claims and the parties were discussing settlement of Plaintiff's claims in good faith.

Further, as elucidated above, Plaintiff has not been prejudiced in any way by the Defendants' filing of their motion just days after it was due.

Thus, Defendants submit that because good cause exists, Plaintiff's Motion should be DENIED.

### D. ALTERNATIVELY, PLAINTIFF'S MOTION SHOULD BE DENIED AS UNWARRANTED.

The Eleventh Circuit has a "strong policy of determining cases on their merits" and, accordingly, "default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). They are not granted as a matter of right. *Id*. A court enters default judgment only "when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Id*. at 1245 (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

"Entry of judgment by default is a drastic remedy which should be used only in extreme situations." *Mitchell v. Williamson Tobacco Corp.*, 294 F.3d 1309, 1316- (11th Cir. 2002) (quotation omitted).

Here, the Defendants have responded to Plaintiff's Complaint, albeit six days late.

While a motion to dismiss *generally* must be made with or before an answer. *See* Fed.R.Civ.P. 12(b)(emphasis added),[1] **filing a motion to dismiss a short time after the deadline for responsive pleadings is not an "extreme situation" that**

---

[1] "After . . . a motion to dismiss… is made, there is no reason to file any other pleadings until the motion is acted upon." *Lawhorn v. Atl. Ref. Co.*, 299 F.2d 353, 357 (5th Cir. 1962); see Fed. R. Civ. P. 12(a)(4)(A) (providing that, if a court denies a motion under Rule 12 or postpones its disposition until trial, the responsive pleading must be served within 14 days of notice of the court's action).

7

**warrants the "drastic remedy" of a default judgment**. *See Mitchell*, 294 F.3d at 1317 (holding that the district court did not abuse its discretion in denying the plaintiff's motion for a default judgment where the defendant filed a motion to dismiss "a short time after the deadline for responsive pleadings" had passed, and the plaintiff had not shown that the defendant's failure to file an answer prejudiced him in any way)(emphasis added).

Here, as in *Mitchell*, the Defendants filed a motion to dismiss for lack of personal jurisdiction "a short time after the deadline... had passed." *Id*. As in *Mitchell*, this mild shortcoming is **not an "extreme situation" that warrants the "drastic remedy" of a default judgment.** *Id*. Likewise, as in *Mitchell*, Plaintiff has not shown that Defendants' filing of their Motion to dismiss a short time after it was due "prejudiced him in any way." *Id*.

Therefore, Plaintiff's Motion should be DENIED.

### E.   PLAINTIFF'S MOTION SHOULD BE DENIED BECAUSE THERE WAS A CLEAR INTENTION TO DEFEND.

Plaintiff's Motion is disingenuous.  It suggests that the Defendants simply ignored their Complaint. Nothing is further from the truth.

The reason that the Defendants were delayed in filing responsive pleadings, and thereby incurring costs and expenses, as well as having to find local counsel, is that Defendants were attempting to resolve the dispute before incurring any such costs.

8

Defendants were in constant contact with counsel for Plaintiff immediately upon becoming aware of his claims to resolve the matter amicably before incurring costs and fees and locating and retaining local counsel.

Defendants informed Plaintiff of their intention to object to personal jurisdiction if they could not resolve the matter amicably, and even emailed Plaintiff's counsel a letter containing the legal authority for their position that this Court lacks jurisdiction on October 5, 2023. There was no surprise.

There is no question that Plaintiff was astutely aware that the Defendants intended to defend the claim.

Plaintiff's Motion should be DENIED.

### III.   CONCLUSION

For the reasons outlined above, Plaintiff's motion for default judgment against the Defendants should be DENIED.

This 2nd day of November 2023.

                                                     LAVENDER HOFFMAN, LLC

                                                    */s/ Thomas E. Lavender III*_____
                                                    Thomas E. Lavender III
                                                    Georgia Bar No.: 439389
                                                    945 East Paces Ferry Road, NE.
                                                    Suite 2000
                                                    Atlanta, Georgia 30326
                                                    Phone/Fax 404.400.4500
                                                    Direct Phone/Fax 404.600.1374
                                                    ted.lavender@lhalawyers.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDAL QURAN REID ) | |
| ) | |
| v.   ) | CIVIL ACTION FILE NO: |
| ) | 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al ) | |

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1(C) of the Northern District of Georgia, using 14-point Times New Romans font, as approved by the Court.

This 2nd day of November, 2023.

            LAVENDER HOFFMAN, LLC

            */s/ Thomas E. Lavender III*_____
            Thomas E. Lavender III
            Georgia Bar No.: 439389
            945 East Paces Ferry Road, NE.
            Suite 2000
            Atlanta, Georgia 30326
            Phone/Fax 404.400.4500
            Direct Phone/Fax 404.600.1374
            ted.lavender@lhalawyers.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDAL QURAN REID ) | |
| ) | |
| v. ) | CIVIL ACTION FILE NO: |
| ) | 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al ) | |

### CERTIFICATE OF SERVICE

This will certify that the undersigned has this day served a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (R. Doc. 10)** upon all counsel of record via the Court's CM/ECF electronic filing system as follows:

> Gary Bernard Andrews
> Samuel L. Starks
> Shean DeCarlos Williams
> THE COCHRAN FIRM
> 100 Peachtree Street SW
> Atlanta, GA 30303
> gandrews@cochranfirmatl.com
> sstarks@cochranfirmatl.com
> swilliams@cochranfirmatl.com

[SIGNATURE ON FOLLOWING PAGE]

This 2nd day of November, 2023.

        LAVENDER HOFFMAN, LLC

        */s/ Thomas E. Lavender III*_____
        Thomas E. Lavender III
        Georgia Bar No.: 439389
        945 East Paces Ferry Road, NE.
        Suite 2000
        Atlanta, Georgia 30326
        Phone/Fax 404.400.4500
        Direct Phone/Fax 404.600.1374
        ted.lavender@lhalawyers.com