IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **RANDAL QURAN REID,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION FILE NO:** |
| | ) | |
| v. | ) | **1:23-CV-04035-JPB** |
| | ) | |
| **ANDREW BARTHOLOMEW**, in his | ) | |
| Individual Capacity as a Deputy of the | ) | |
| Jefferson Parish Sheriff's Office, and | ) | |
| **JOSEPH P. LOPINTO III**, in his | ) | |
| Individual and Official Capacity | ) | |
| as Sheriff of the Jefferson Parish | ) | |
| Sheriff's Office, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEAFULT JUDGMENT

**NOW COMES** Plaintiff, RANDAL QURAN REID, and hereby responds to Defendants' memorandum opposing Plaintiff's motion for default, and in support thereof shows the Court as follows:

## I.     PROCEDURAL HISTORY

Defendants do not dispute the filing dates that are set forth in Plaintiff's motion for default, and Defendants admit that their motion to dismiss for personal jurisdiction was untimely and "filed shortly after it was due [by] (six days)." [Doc. #11, Page 2]. Although Defendants are blaming settlement discussions on their late

filing, Defendants never requested an extension of time from Plaintiff to file their motion to dismiss, nor request Plaintiff's consent to file their motion to dismiss out-of-time. Moreover, Defendants have not filed a motion with the Court requesting leave to file out-of-time a motion to dismiss or any pleading responsive to Plaintiff's complaint. Therefore, the current posture of this case is that Defendants have still not properly and timely filed a responsive pleading pursuant to Rule 12.

## A. **Settlement Discussions**

Defendants allege that Plaintiff is at fault for their failure to file a timely answer or responsive pleading pursuant to Rule 12, specifically asserting that "the reason Defendants were delayed in filing responsive pleadings, and thereby incurring costs and expenses, as well as having to find local counsel, is that Defendants were attempting to resolve the dispute before incurring any such costs." [Doc. #11, Page 2]. Plaintiff admits to having settlement discussions with out of state counsel for Defendants, Franz L. Zibilich, but these discussions terminated unsuccessfully prior to the due date for Defendants to file a responsive pleading to Plaintiff's complaint pursuant to Rule 12.

Mr. Zibilich initiated settlement discussions which occurred over a series of phone calls and concluded with a letter from Mr. Zibilich, where he stated that a motion to dismiss would be filed if Plaintiff did not accept Defendants' final settlement offer. Thus, Plaintiff rejects any responsibility for delaying Defendants

timely filing of their motion to dismiss.

### B. Defendants Letter to Plaintiff

On October 5, 2023, in a letter from Mr. Zibilich to Plaintiff's counsel, Mr. Zibilich stated as follows: "I have been instructed by my clients to file a Motion to Dismiss on October 12, 2023, if this matter has not settled by October 11, 2023." See Redacted Letter, attached hereto as **Exhibit 1**. This written final offer to settle from Defendants was rejected by Plaintiff in a phone call with Mr. Zibilich prior to October 12, 2023.

At no point during any telephone discussions with Mr. Zibilich did he ever request an extension of time on behalf of Defendants to file an answer or responsive pleading to Plaintiff's complaint.  Likewise, local counsel for Defendants has never contacted Plaintiff about any such extension of time.

As shown above, the extent to which Defendants appear to assert that Plaintiff has somehow acted in bad faith, been stubbornly litigious, or acted unprofessionally, these assertions are baseless. Further, the only document in the record regarding the parties' discussions is the letter from Mr. Zibilich where he advises Plaintiff that he would be filing a motion to dismiss on October 12, 2023.  Instead, Defendants did not file their motion to dismiss until October 17, 2023.

## II.   LEGAL ARGUMENT

Plaintiff does not dispute that Rule 55 requires a two-step process for

obtaining default judgment, requiring the clerk to enter a party's default to be followed by an application to the court for a default judgment. See *Bonny v. Benchmark Brands, Inc.*, 2017 U.S. LEXIS 35039* (N.D. Ga. March 10, 2017). Consistent with Rule 55(a), Plaintiff has filed a proper motion requesting the Court to direct the clerk to enter default. In *Bonny,* the court held that plaintiff had filed a proper motion seeking the clerk's entry of default under Rule 55(a), even though the plaintiff styled their motion as one seeking "default judgment." *Bonny*, 2017 U.S. LEXIS at * 4.

Plaintiff's default motion demonstrates that Defendants have failed to answer Plaintiff's complaint or otherwise file a timely responsive pleading, pursuant to the requirements of Rule 12. See *Recruitment Alley, LLC. v. Agenthr, Inc.*, 2023 U.S. Dist. LEXIS 28482, *2 (N.D. Ga. Jan. 10, 2023). Thus, where Plaintiff's default motion requests that the Court direct the clerk to enter a default against Defendants, Plaintiff's motion is appropriate as a motion for default and the Court has the authority to consider Plaintiff's motion. See *Albert v. Discover Bank*, 2021 U.S. Dist. LEXIS 260788* (N.D. Ga. Oct. 4, 2021).

Plaintiff's default motion is not premature. As explained in *Vargas-Puerta v. United States Dep't of Homeland Sec.*, 2021 U.S. Dist. LEXIS 190541* (N.D. Ga. Oct. 4, 2021).

In general, entry of default is within the purview of the clerk, as explicitly contemplated by Federal Rule of Civil Procedure

55(a). *See* Fed. R. Civ. P. 55(a) (directing the "clerk" to enter a default when a party "fail[s] to plead or otherwise defend, and that failure is shown by affidavit or otherwise"). That said, "courts and commentators alike have held that a court also may enter a party's default." *See Wilson v. Kelly*, No. 1:18-CV-5014-AT, 2019 U.S. Dist. LEXIS 195890, 2019 WL 5485126, at *1-2 (N.D. Ga. Apr. 10, 2019) (quoting *FHL, Inc. v. Walker*, No. 2:13 CV 555, 2016 U.S. Dist. LEXIS 28478, 2016 WL 868225, at *2 (M.D. Ala. Mar. 7, 2016)); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, . . . a district judge also possesses the inherent power to enter a default."); *Fisher v. Taylor*, 1 F.R.D. 448, 448 (E.D. Tenn. 1940) ("[T]he court has [the] power to enter an order of default and Rule 55 is not a limitation thereof."); 10A Wright & Miller, *Federal Practice & Procedure* § 2682 (4th ed. 2021) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.").

*Id.* at *1, n.1.

## A. Defendants Have Not Shown Good Cause

Defendants have not shown good cause to set aside an entry of default, should the Court direct the clerk to enter default based on the record of filings that are reflected on the docket, which Defendants do not dispute. Although Defendants have filed a motion to dismiss based on personal jurisdiction, they admit that their motion was untimely filed, and Defendants have not sought leave of court for their motion to dismiss to be filed out-of-time.

Plaintiff agrees that this Court must have personal jurisdiction over Defendants to support a default judgment. See *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. May 20, 2004). However, the failure of Defendants

to timely file an answer or their motion to dismiss based on personal jurisdiction results in a waiver of that defense.

> A defendant's failure to raise the defense of lack of personal jurisdiction in its first motion under Federal Rule of Civil Procedure 12 results in waiver of that defense. Fed. R. Civ. P. 12(h)(1)(A); *accord Palmer v. Braun*, 376 F.3d 1254, 1259 (11th Cir. 2004) ("It is well-settled that lack of personal jurisdiction is a waivable defect, and that a defendant waives any objection to the district court's jurisdiction over his person by not objecting to it in a responsive pleading or a [Rule] 12 motion.").

*Al Amjad Ltd. v. Ocean Marine Engines, LLC, 2017 U.S. Dist. LEXIS 57398, \*6-8* ((M.D. Fla. Apr. 14, 2017).

Plaintiff has sufficiently alleged a prima facia case of personal jurisdiction based on Georgia's Long Arm Statute, O.C.G.A. § 9-10-91, and consistent with the Due Process Clause of the Fourteenth Amendment. Moreover, by appearing through counsel and challenging the jurisdiction of this Court, Defendants have agreed to be bound by this Court's determination on personal jurisdiction. Accordingly, this Court has personal jurisdiction over Defendants to direct the clerk to enter default against Defendants.

Defendants' motion to dismiss challenging personal jurisdiction was untimely and should be dismissed, and thus should have no bearing on Plaintiff's default motion. Furthermore, Plaintiff has alleged in his complaint and opposition to Defendants' motion to dismiss, sufficient facts and claims that support personal jurisdiction over Defendants. [Doc. #1, Doc. #9]. However, other than contesting

personal jurisdiction, Defendants have asserted no defenses to the merits or sufficiency of the claims and factual allegations contained within Plaintiff's complaint.

In general, while defaults are disfavored, it is within a court's discretion to grant or deny a motion to set aside default. See *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Among the factors courts have considered in determining whether a default should be set aside is "whether the default was culpable or willful." *Id.* The Eleventh Circuit has held that "a defendant is culpable if he acts willfully or has no excuse." *McKenzie v. Davidson*, 2006 U.S. Dist. LEXIS 113601, *5-6 (S.D. Fla. Feb. 1, 2006).

Defendants have not provided the Court with specific facts that establish "good cause" for setting aside an entry of default. Although Defendants assert that Plaintiff's default motion is "disingenuous" the Plaintiff simply relies on the record in this case and rejects any assertion by Defendants that Plaintiff has done anything to cause or contribute to Defendants failure to comply with the filing deadlines of Rule 12.

**WHEREFORE**, for the reasons shown herein, and in Plaintiff's initial default motion, Plaintiff requests that this Court direct the clerk to enter default against Defendants.

This 15th day of November, 2023.

The Cochran Firm – Atlanta

/s/ Sam L. Starks
Shean D. Williams, Esq.
Georgia Bar No. 764139
Gary B. Andrews, Esq.
Georgia Bar No. 019299
Sam L. Starks, Esq.
Georgia Bar No. 676515
100 Peachtree Street, NW, Suite 2600
Atlanta, Georgia 30303
Tel: (404) 222-9922
Fax: (404) 222-0170

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rules 5.1(B) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font and size requirements and is formatted in Times New Roman, 14-point font.

## CERTIFICATE OF SERVICE

This is to certify that on November 15, 2023, I electronically filed **PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEAFULT JUDGMENT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Thomas E. Lavender III
Lavender Hoffman, LLC
945 East Paces Ferry Road, NE
Suite 2000
Atlanta, Georgia 30326
ted.lavender@lhalawyers.com

This 15th day of November, 2023.

The Cochran Firm – Atlanta

/s/ Sam L. Starks
Sam L. Starks, Esq.
100 Peachtree Street, NW, Suite 2600
Atlanta, Georgia 30303
Tel: (404) 222-9922