## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RANDAL QURAN REID | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO: |
| | ) | 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS OR, alternatively, TO FILE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION OUT OF TIME**

COMES NOW, Defendants, Sheriff Parish Sheriff Joseph P. Lopinto, III, individually and in his official capacity as the Sheriff of Jefferson Parish, Louisiana, and Jefferson Parish Sheriff's Office Deputy Andrew Bartholomew, in his individual capacity as a Deputy with the Jefferson Parish, Louisiana, Sheriff's Office, have moved this Honorable Court for an extension of time to file their responsive pleading. Alternatively, Defendants have moved this Honorable Court for leave of Court to file their Motion to Dismiss Pursuant to Fed. Civ. P. 12(B)(2) out of time.

The Defendants respectfully submit that good cause exists for the granting of this Motion. First, the Court has yet to find that it has personal jurisdiction over the Defendants. Second, the Defendants did not act willfully. Finally, Plaintiff will not be prejudiced by the granting of this Motion.

1

## I.    BACKGROUND

This case arises out of Plaintiff's arrest in Georgia based on an arrest warrant obtained in Louisiana by the Defendant, Jefferson Parish, Louisiana, Sheriff's Office Deputy Andrew Bartolomew ("Deputy Bartolomew"). R. Doc. 2907.

Plaintiff sues for false arrest and malicious prosecution in violation of the Fourth Amendment to the United States Constitution. *Id*. Plaintiff also sues for various violations of Louisiana and Georgia state law. *Id*.

Defendants filed their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(2) for lack of personal jurisdiction six (6) days after Deputy Bartolomew's answer was due. R. Docs. 7, 8.

The reason that the Defendants were delayed in filing responsive pleadings, thereby incurring costs and expenses, as well as having to find local counsel, is that Defendants were attempting to resolve the dispute before incurring any such costs.

During this process, the Defendants informed Plaintiff of their intention to object to personal jurisdiction if they could not resolve the matter amicably, and even emailed Plaintiff's counsel a letter containing the legal authority for their position that this Court lacks jurisdiction on October 5, 2023.

There is no question that Plaintiff was astutely aware that the Defendants intended to defend the claim if it could not resolve.

Plaintiff never gave any indication whatsoever, let alone notice, that he would be seeking a default judgment.

After filing their Motion to Dismiss for Lack of Personal Jurisdiction, Plaintiff filed a Motion for Default Judgment. As an aside, Plaintiff seems to conflate a Motion for *Entry* of Default with a Motion for Default *Judgment*. It is true that either a Clerk or a Court can issue an *entry* of default as Plaintiff argues in their reply memorandum. However, that is not the relief that Plaintiff seeks. Plaintiff is seeking a default *judgment*.

## II.   GOOD CAUSE EXISTS FOR THE GRANTING OF THIS MOTION.

The good cause standard is used in deciding whether to grant a request to file an untimely answer. Fed. R. Civ. P. 55(c); *see Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014).

The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, although some general guidelines are commonly applied. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (finding the good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation). Several factors are often considered when determining whether good cause exists, such as (1) whether the default was culpable or willful; (2) whether the party in default has a meritorious defense to the plaintiff's claims; (3) whether the party in default acted promptly upon

learning of the default; and (4) whether the non-defaulting parties would suffer any possible prejudice by setting aside default. *Id*. However, other factors may also be considered. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause to set aside a default." *Id*.

Here, good cause exists to deny Plaintiff's motion (and would exist to set aside an entry of default) because the Court has yet to confer personal jurisdiction over the Defendants. Generally speaking, "[b]efore a default can be entered, the court must have… jurisdiction over the party against whom the judgment is sought..." 10A Wright & Miller, Federal Practice & Procedure § 2682 (4th ed. 2020). The Eleventh Circuit has found that where "the district court did not acquire personal jurisdiction over [the Defendant] before the entry of default… that good cause existed to set that default aside." *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 875 (11th Cir. 2014).

Defendants have excepted to the personal jurisdiction of the Court. The matter is before the Court, and Plaintiff has responded. The Court has yet to rule. Therefore, good cause exists to grant this Motion.

Furthermore, good cause exists because the Defendants were by no means willfully ignoring the Plaintiff's Complaint.  Indeed, counsel for the Defendants in Louisiana were in constant contact with counsel for Plaintiff within a day or days of

becoming aware of Plaintiff's claims and the parties were discussing settlement of Plaintiff's claims in good faith.

Further, good cause exists for the granting of this Motion because Plaintiff will not be prejudiced in any way by the Defendants' filing of their motion just days after it was due. Plaintiff, in all his submission thus far, has failed to make any showing to the contrary.

Thus, Defendants submit that because good cause exists, their Motion to file a responsive pleading should be GRANTED.

## III. CONCLUSION

For the foregoing reasons, and because good cause exists, Defendants' Motion to file a responsive pleading should be GRANTED.

This 16th day of November 2023.

LAVENDER HOFFMAN, LLC

*/s/ Thomas E. Lavender III*
Thomas E. Lavender III
Georgia Bar No.: 439389
945 East Paces Ferry Road, NE.
Suite 2000
Atlanta, Georgia 30326
Phone/Fax 404.400.4500
Direct Phone/Fax 404.600.1374
ted.lavender@lhalawyers.com

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RANDAL QURAN REID | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO: |
| | ) | 1:23-CV-04035-JPB |
| ANDREW BARTHOLOMEW, et. al | ) | |

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1(C) of the Northern District of Georgia, using 14-point Times New Romans font, as approved by the Court.

This 16th day of November, 2023.

LAVENDER HOFFMAN, LLC

*/s/ Thomas E. Lavender III*
Thomas E. Lavender III
Georgia Bar No.: 439389
945 East Paces Ferry Road, NE.
Suite 2000
Atlanta, Georgia 30326
Phone/Fax 404.400.4500
Direct Phone/Fax 404.600.1374
ted.lavender@lhalawyers.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RANDAL QURAN REID       )
                      )
v.                      )   CIVIL ACTION FILE NO:
                      )   1:23-CV-04035-JPB
ANDREW BARTHOLOMEW, et. al   )

## CERTIFICATE OF SERVICE

This will certify that the undersigned has this day served a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS OR, alternatively, TO FILE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION OUT OF TIME** upon all counsel of record via the Court's CM/ECF electronic filing system as follows:

> Gary Bernard Andrews
> Samuel L. Starks
> Shean DeCarlos Williams
> THE COCHRAN FIRM
> 100 Peachtree Street SW
> Atlanta, GA 30303
> gandrews@cochranfirmatl.com
> sstarks@cochranfirmatl.com
> swilliams@cochranfirmatl.com

[SIGNATURE ON FOLLOWING PAGE]

7

This 16th day of November, 2023.

LAVENDER HOFFMAN, LLC

*/s/ Thomas E. Lavender III*
Thomas E. Lavender III
Georgia Bar No.: 439389
945 East Paces Ferry Road, NE.
Suite 2000
Atlanta, Georgia 30326
Phone/Fax 404.400.4500
Direct Phone/Fax 404.600.1374
ted.lavender@lhalawyers.com