UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RANDAL QURAN REID, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW BARTHOLOMEW, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 1:23-CV-04035-JPB |

## ORDER

This matter is before the Court on Randal Quran Reid's ("Plaintiff") Motion for Default Judgment [Doc. 10], and Andrew Bartholomew and Joseph P. Lopinto's ("Defendants") Motion to Dismiss [Doc. 8] and Motion for Extension of Time [Doc.13]. This Court finds as follows:

### FACTUAL BACKGROUND

On September 8, 2023, Plaintiff filed a complaint in this Court against Defendants, asserting claims under 42 U.S.C. § 1983 for violation of his civil rights under the Fourth Amendment to the United States Constitution, as well as certain other state law claims. See [Doc. 1]. Defendant Lopinto is the Sheriff of the Jefferson Parish Sheriff's Office in Louisiana, and Defendant Bartholomew is a deputy sheriff at the same office. Id. at 8–9. Plaintiff asserts that, due to actions

by the Defendants, he was falsely identified, arrested and held without bond for six days for crimes committed in Louisiana. Id. at 2.

More specifically, on June 30, 2022, a storeowner in Metairie, Louisiana, reported a theft that occurred on June 22 and 23, 2022, "involving four unknown African American individuals who entered the store and purchased over $12,500 worth of designer purses with a stolen credit card." Id. at 17–18; see also [Doc. 1-10]. The store owner provided deputies from the Jefferson Parish Sheriff's Office with surveillance footage, and, according to Plaintiff, Defendant Bartholomew used the footage and facial recognition technology to incorrectly identify Plaintiff as one of the thieves. [Doc. 1, pp. 2, 21–22]. On July 18, 2022, Defendant Bartholomew signed an affidavit for an arrest warrant for Plaintiff, and a judge in the Judicial District Court of Jefferson Parish signed the criminal arrest warrant for Plaintiff on the same day. Id. at 21–22; see also [Docs. 1-12, 1-13]. The arrest warrant did not mention use of facial recognition technology. [Doc. 1, p. 25]; see also [Doc. 1-12].

On November 25, 2022, an officer with the DeKalb County Police Department pulled Plaintiff over, took him into custody and detained him at the DeKalb County Jail. [Doc. 1, p. 12]. In the DeKalb County Police Department Incident Report, the arresting officer states that Plaintiff was placed into custody

2

after "[a] random GCIC/NCIC query of the vehicle tag informed [the officer] that the registered owner, [Plaintiff], was showing two active felony larceny warrants for his arrest with full extradition."  [Doc. 1-4, p. 2].

During Plaintiff's detention, his family retained a defense attorney in Louisiana who presented photos and videos of Plaintiff to the Jefferson Parish Sheriff's Office.  [Doc. 1, p. 34].  Plaintiff asserts that after reviewing the photos and videos, the Jefferson Parish Sheriff's Office notified Plaintiff's defense attorney that it was withdrawing the warrant, "supposedly because [officers] noticed a mole on [Plaintiff's] face that the purse thief did not have."  Id.  On November 30, 2022, a judge in the Judicial District Court of Jefferson Parish signed a request for recall of arrest warrant for Plaintiff.  Id. at 35; [Doc. 1-24].

Plaintiff asserts that as a result of his six-day detention, he suffered "constant mental and emotional distress" and, immediately after his release, went to the emergency room where he "was treated for salmonella gastroenteritis, which was caused by the food he ate during his incarceration at the jail."  [Doc. 1, pp. 35–36].  Plaintiff seeks general and compensatory damages.  Id. at 57–58.

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on September 8, 2023.  [Doc. 1].  The record reflects that Defendants were served on September 14 and 20, 2023, respectively,

and their answers were due on October 5 and 11, 2023. See [Docs. 5, 7]. Defendants did not file an answer by these deadlines. On October 17, 2023, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). [Doc. 8].

In their Motion, Defendants argue that this Court lacks personal jurisdiction over Defendants. See id. On October 31, 2023, Plaintiff filed a Response to Defendants' Motion to Dismiss [Doc. 9], arguing that Defendants' motion is untimely and that this Court has personal jurisdiction over Defendants. See [Doc. 9]. On the same day—two weeks after Defendants filed their Motion to Dismiss—Plaintiff also filed a Motion for Default Judgment, arguing that Defendants failed to timely defend the action. [Doc. 10, p. 5].

On November 2, 2023, Defendants filed their opposition to Plaintiff's Motion for Default Judgment, arguing that the motion is premature because Plaintiff failed to secure the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55. [Doc. 11, p. 1]. In addition, Defendants assert that good cause exists to deny Plaintiff's motion—or, had one been entered, to set aside an entry of default—because the Court lacks personal jurisdiction over Defendants, because Defendants did not act willfully and because Plaintiff has not been prejudiced by Defendants' delay in filing their Motion to Dismiss. See id. In his reply, Plaintiff

4

contends that Defendants have not established good cause. [Doc. 12, p. 5]. Plaintiff further argues that Defendants' failure "to timely file an answer or their motion to dismiss based on personal jurisdiction constitutes a waiver of that defense." Id. at 6.

Finally, on November 16, 2023, Defendants Filed a Motion for Extension of Time to File Responsive Pleadings or, Alternatively, to File Defendants' Motion to Dismiss Out of Time ("Defendants' Motion for Extension of Time"). [Doc. 13]. Plaintiff filed a Response to Defendants' Motion for Extension of Time on November 29, 2023, largely resting on arguments made in prior filings, again asserting that Defendants have failed to demonstrate good cause exists to grant their requested relief.

The motions are now ripe for review.

## ANALYSIS

**A. Plaintiff's Motion for Default Judgment**

This Court will first analyze Plaintiff's Motion for Default Judgment [Doc. 10]. When a defendant fails to file an answer or otherwise defend, a court may enter judgment by default. See Fed. R. Civ. P. 55. To obtain a default judgment, the moving party must first file a motion for entry of default with the clerk of the

district court.  See id.  Once the clerk has entered a default, the moving party may then file a motion for default judgment with the court.  See id.

"Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered."  Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (internal quotation marks and citation omitted).  To determine whether the pleadings provide a sufficient basis for entry of default judgment, courts apply the same analysis as if evaluating a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  See id. (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

However, default judgments are typically disfavored.  Id. at 1244–45.  The Eleventh Circuit Court of Appeals has opined that "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations," consistent with the Eleventh Circuit's "usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court."  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

Here, Plaintiff filed its Motion for Default Judgment on October 31, 2023.  [Doc. 10].  However, Plaintiff moved for default judgment before moving for an entry of default.  Thus, Plaintiff's Motion for Default Judgment is premature

6

because "the clerk's entry of default must precede an application for default judgment." Bonny v. Benchmark Brands, Inc., No. 16-CV-3150, 2017 WL 1216926, at *1 (N.D. Ga. Mar. 10, 2017) (internal quotation marks and citation omitted). For this reason, Plaintiff's Motion for Default Judgment is **DENIED** at this time.

### B. Defendants' Default

Although default judgment is not appropriate at this stage, the Court still must consider the issue of Defendants' failure to timely defend this action. The Eleventh Circuit has explained that "[a] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 (11th Cir. 2014) (citing 10A Wright & Miller, § 2692 at 85). And, under such circumstances—"even [when] there has not been a formal entry of default"—the Eleventh Circuit has found it is appropriate for the district court to consider whether to set aside the default for good cause. See id. As such, the Court will next assess whether Defendants' default should be set aside under Rule 55(c) or, alternatively, whether to direct the Clerk to enter Defendants' default on the record (such that Plaintiff may then properly move for a default judgment).

### *1. Legal Standard*

Under Federal Rule of Civil Procedure 55(c), a district court may set aside an entry of default for good cause.  See Fed. R. Civ. P.55(c); Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018).  Moreover, when there is good cause to do so, the Court can set aside an entry of default *sua sponte*.  Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1267 (11th Cir. 2003) (quoting Fed. R. Civ. P. 55(c)).

The good cause standard is "mutable and liberal" and "factors in the analysis include 'whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.'"  Sherrard, 724 F. App'x at 738 (quoting Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996)).  Courts may look to other factors, too, such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default."  Compania Interamericana, 88 F.3d at 951.  "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default."  Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)).

In sum, a district court may set aside an entry of default "if the defaulting party can provide a good reason for the district court to do so." Afr. Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999). This principle operates in tandem with the Eleventh Circuit's "strong preference for deciding cases on the merits—not based on a single missed deadline—whenever reasonably possible." Perez, 774 F.3d at 1332.

### 2. *Analysis*

#### a. *Culpability or Willfulness*

Good cause to set aside default does not exist "where a party demonstrates an intentional or willful disregard of the judicial proceedings." Id. at 1337 n.7. As to whether the default in this case was culpable or willful, Defendants assert that Defendants' Louisiana counsel "were in constant contact with counsel for Plaintiff[] within a day or days of becoming aware of Plaintiff's suit[,] and the parties were discussing settlement of Plaintiff's claims in good faith." [Doc. 11, p. 2]. Defendants explain that their delay was due to their attempts to resolve the dispute through their Louisiana counsel and the ultimate need to locate and secure counsel in Georgia. Id. Further, Defendants state that they informed Plaintiff that in the event that settlement was not reached, Defendants intended to argue this

9

Court's lack of personal jurisdiction over them.  Id. at 2–3.  In short, Defendants contend that they did not intentionally or willfully disregard the proceedings.

In his reply, Plaintiff does not contradict any of these facts.  See [Doc. 12]. Rather, Plaintiff disclaims any responsibility for Defendants' late filing based on their settlement discussions, noting that discussions terminated prior to Defendants' deadline to answer.  Id. at 2.  Plaintiff maintains that the motion was not timely filed and points out that Defendants failed to seek an extension of time in advance of filing their Motion to Dismiss.  Id.

Upon this record, the Court finds that the circumstances here do not show the culpability or willfulness that would require it to find that good cause is lacking.

### b. Prejudice to the Opposing Party

Another factor asks whether setting aside default would prejudice the opposing party.  This inquiry is concerned with prejudice resulting from a delay in the proceedings, "not from having to continue to litigate the case."  Sherrard, 724 F. App'x at 738 (quoting Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009)).  Although Defendants' failure to appear may have caused some delay in the progress of this case, "[t]here is no suggestion that the brief delay caused a loss of evidence, created increased difficulties in

discovery, or allowed for greater opportunities for fraud and collusion." Id. at 739. Here, the case is still at an early stage, as discovery has not yet begun. See, e.g., Rowe v. Metro. Atlanta Rapid Transit Auth., No. 21-CV-02093, 2021 WL 8648759, at *1 (N.D. Ga. Oct. 5, 2021) ("[G]iven the infancy of this case and the promptness with which Defendant has acted to remedy its initial untimeliness and move this case forward, setting aside the default would neither cause undue delay nor prejudice Plaintiff."). Thus, the Court concludes that setting aside Defendants' default in this case will not prejudice Plaintiff.

c. *Presentation of a Meritorious Defense*

The Court may find good cause to set aside entry of default where the defaulting party presents a meritorious defense. See Compania Interamericana, 88 F.3d at 951. "A defendant has a meritorious defense if it raises a good defense at law. Thus, whether a defense is meritorious does not depend on its likelihood of success." Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014) (citation omitted). A defaulting defendant raises a meritorious defense where he provides a "hint of a suggestion" that the defense has merit. Griffin IT Media, Inc. v. Intelligentz Corp., No. 07-80535-CIV, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

Here, Defendants argue that this Court lacks personal jurisdiction over them. Unlike subject matter jurisdiction, a party may waive the defense of lack of personal jurisdiction by failing to assert the defense in a responsive pleading or Rule 12 motion.  However, a party does not waive its defense of lack of personal jurisdiction through default.  See Baragona v. Kuwait & Gulf Link Transp. Co., 691 F. Supp. 2d 1351, 1360 (N.D. Ga. 2009) (explaining that a party does not "waive its defense for lack of personal jurisdiction simply by failing to appear and thus defaulting"), aff'd sub nom. Baragona v. Kuwait Gulf Link Transp. Co., 594 F.3d 852 (11th Cir. 2010).

Accordingly, personal jurisdiction was not waived by Defendants' initial failure to appear, and Defendants have asserted a personal jurisdiction defense in their initial Rule 12 motion.  See [Doc. 8].  Thus, the Court finds that Defendants have presented a meritorious defense, which weighs in favor of setting aside Defendants' default.[1]

---

[1] Moreover, before the Court may enter a valid default judgment, "a court must have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant." Osborn v. Whites & Assocs. Inc., No. 120CV02528TWTAJB, 2021 WL 3493164 at *2 (N.D. Ga. May 20, 2021) (citing Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1215 n.13 (11th Cir. 2009) (explaining that a default judgment is void if the court that rendered it lacked jurisdiction over the parties)).  And the Eleventh Circuit has affirmed a district court's decision to set aside an entry of default when the Court lacked personal jurisdiction over the defendant.  Thomas v. Bank of Am., N.A., 557 F. App'x 873, 875 (11th Cir. 2014).

* * *

In sum, the Court finds that the above factors are sufficient to show good cause for setting aside Defendants' default.  See Sherrard, 724 F. App'x at 739 (finding that the good cause analysis "does not require that each factor be satisfied").[2]

Further, the Eleventh Circuit has explained that acceptance of a late-filed responsive pleading is a "natural corollary" to denial of a motion for default. Powers v. U.S. Homeland Sec., No. 22-10042, 2023 WL 4623608, at *3 (11th Cir. July 19, 2023), cert. denied sub nom. Powers v. Dep't of Homeland Sec., 144 S. Ct. 872 (2024).  Indeed, the Court's "discretion to deny a motion for default judgment necessarily carries with it the discretion to accept the untimely responsive pleading."  Id. (citing Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316–17 (11th Cir. 2002) and Wahl, 773 F.2d at 1174).  Thus, because the Court has already denied Plaintiff's Motion for Default Judgment and

---

[2] Given the Court's conclusion that good cause exists to set aside Defendants' default, the Court will not direct the Clerk to formally enter Defendants' default on the record.  Put differently, even construing Plaintiff's Motion for Default Judgment under Rule 55(b) as a Motion for Entry of Default under Rule 55(a) as Plaintiff requests, see [Doc. 12, p. 4], Plaintiff's Motion is **DENIED** for the reasons explained above.

found good cause exists to set aside Defendants' default, the Court will consider Defendants' Motion to Dismiss as if timely filed.[3]

### C. Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Response Alternatively Requesting Transfer

Turning next to Defendants' Motion to Dismiss, Defendants argue that this Court lacks personal jurisdiction over them. See [Doc. 8]. Indeed, Defendants argue no other grounds for dismissal. See id. On the final page of his response to Defendants' motion, Plaintiff makes an in-the-alternative request for transfer in a prayer for relief: "[A]lternatively[,] . . . [i]f the Court grants Defendants' motion to dismiss . . . Plaintiff request[s] the Court exercise its discretion pursuant to 28 U.S.C. § 1404(a), and for the convenience of the parties[,] transfer this civil action 'to any other district or division where it might have been brought.[']" [Doc. 9, p. 24]. However, there are no arguments regarding transfer in the record.

When a district court lacks personal jurisdiction over one or more of the defendants, it may, as an alternative to dismissal, transfer the case to any district in which it could have been brought. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 464–67 (1962); Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns,

---

[3] Thus, the Court **GRANTS** Defendant's Motion for Extension of Time [Doc. 13-1] insofar as Defendants' Motion to Dismiss will be considered. See Perez, 774 F.3d at 1339 (holding that a party's "request for leave to file an out-of-time answer . . . should [be] analyzed as a motion to set aside an entry of default" under Rule 55(c)).

Inc., 689 F.2d 982, 992 n.16 (11th Cir. 1982) ("In this Circuit, a court lacking personal jurisdiction of the defendant may transfer the case under either § 1404(a) or § 1406(a)."); see also 28 U.S.C. §§ 1404(a), 1406(a).  Indeed, the Eleventh Circuit has acknowledged the "long-approved practice" of permitting district courts to transfer cases, even *sua sponte*, so long as the parties are given notice and the opportunity to respond prior thereto.  See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011).

No later than fourteen (14) days from the date of entry of this Order, the parties are **ORDERED TO SHOW CAUSE** why, in the event that this Court finds that it lacks personal jurisdiction over Defendants, this matter should not be transferred to another district in which the case could have been brought.  The Court will resolve Defendants' Motion to Dismiss after receiving this supplemental briefing so that the Court may consider the issues of personal jurisdiction and potential transfer at the same time.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion Default Judgment [Doc. 10] is **DENIED**, and Defendants' Motion for Extension of Time to File Responsive Pleading [Doc. 13] is **GRANTED** insofar as Defendant's Motion to Dismiss will be considered as if it had been timely filed.

Further, the parties are **ORDERED TO SHOW CAUSE** why, in the event that the Court finds that it lacks personal jurisdiction over Defendants, this matter should not be transferred to another district where the case could have been brought. Plaintiff and Defendants are directed to submit briefing on the issue of transfer no later than fourteen (14) days from the date of entry of this Order. The Court will resolve Defendants' Motion to Dismiss after receiving the parties' supplemental briefing regarding the issue of transfer. Accordingly, the Clerk is **DIRECTED** to **TERMINATE** Defendants' Motion to Dismiss [Doc. 8] and resubmit it upon receipt of the parties' supplemental briefing on the issue of transfer, or upon expiration of the time period contemplated by this Order.

**SO ORDERED** this 13th day of August, 2024.

J. P. BOULEE
United States District Judge